# Supreme Court of Florida

_____

No. SC2022-1123

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL
PROCEDURE 3.191.**

March 13, 2025

PER CURIAM.

The Court, on its own motion, amends Florida Rules of

Criminal Procedure 3.191 (Speedy Trial) and 3.134 (Time for Filing

Formal Charges).[1]  The Court previously held oral argument on a

prior version of proposed changes to rule 3.191.  After oral

argument, the Court indicated that it would consider an alternative

proposal to amend rule 3.191.  The new proposal was published for

comment by the Court in the February 1, 2024, edition of _The_

_Florida Bar News_, and 35 comments were received.

After considering the oral argument on the prior proposal and

the comments on the current proposal, we amend rule 3.191 in four

---

1.  We have jurisdiction.  _See_ art. V, § 2(a), Fla. Const.; _see_
_also_ Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

main ways. First, subdivisions (a) and (d) are amended to provide that speedy trial for purposes of this rule now starts from the date that formal charges are filed rather than from the date of arrest. Second, we make clear that the recapture period is mandatory in all situations by deleting subdivision (*o*) and, after relettering current subdivision (p) as (*o*), amending subdivision (*o*)(3). Third, the recapture period is increased from 10 days to 30 days, as noted in subdivision (*o*). Finally, we amend subdivisions (n) and (*o*)(3) to provide that dismissals under this rule will be without prejudice unless a defendant's constitutional right to speedy trial has been violated, which requires dismissal with prejudice.

Based on the comments received on the Court's proposal, additional modifications beyond the Court's published proposal are adopted, namely: the dates in subdivision (b) are modified to match the new recapture period; the wording in subdivision (e) is modified to match the definition of "formally charged" in subdivision (d); "or the court" is removed from newly relettered subdivision (*o*)(3) to clarify that the court is not required to act until a defendant files the required documents; and rule 3.134 is amended to include a mechanism for a defendant to be released from pretrial restraints if

formal charges are not brought within a reasonable time. Additionally, the Court will refer the traffic and juvenile speedy trial rules, 6.325 (Speedy Trial: Infractions Only) and 8.090 (Speedy Trial), to their respective committees to consider changes consistent with these amendments.

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rules shall become effective July 1, 2025, at 12:01 a.m. We appreciate the insight provided by the commenters and those who presented oral argument to the Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

I dissent to the amendments adopted by the majority, which further relax the speedy trial rule applicable to criminal cases in

Florida's state courts and which I consider unwarranted. These changes further my existing concerns about the potential impact of speedy trial rule modifications, especially on individuals who are subjected to protracted criminal investigations.

First, I strongly disagree with the majority's decision to define "speedy trial for purposes of this rule [as starting] from the date that formal charges are filed rather than from the date of arrest." Majority op. at 2. Five years ago, in *Davis v. State*, 286 So. 3d 170 (Fla. 2019), this Court adopted the formal arrest standard as the starting point for the running of the speedy trial clock. There, I dissented to the majority's position that "the speedy trial right is in no way implicated by the length of an investigation or by the fact that an individual under investigation is a known suspect." *Id.* at 174. To the contrary, I observed that "[a] formal arrest standard would allow law enforcement to repeatedly detain an individual for an extended period of time without triggering any procedural protections." *Id.* at 176 (Labarga, J., concurring in part and dissenting in part).

Now, today's amendments go even further, potentially placing the start of the speedy trial period even further down the road and

- 4 -

increasing, for affected individuals, the likelihood of what I described in my dissent in *Davis* as "procedural limbo." *Id.*

Second, I disagree with (1) extending the long-standing recapture period from 10 days to a mandatory 30 days, and (2) providing that any discharge is without prejudice unless a high burden is met—the defendant's constitutional speedy trial right is violated. Indeed, 10 days is a sufficient period of time for the State to proceed to trial on a prosecution that has already allowed the speedy trial period to lapse. Additionally, a discharge with prejudice places an appropriate check on the State to ensure that speedy trial requirements are satisfied.

For these reasons, I dissent.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Jason B. Blank, Past Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida; Bradley T. Wilson of Brewer & Wilson, PLLC, Bartow, Florida; Donna Peterson of Peterson Law, LLC, Jacksonville, Florida; Anthony C. Musto, on behalf of the Florida Bar Public Interest Law Section, Hallandale Beach, Florida; Patricia Dawson, Chair, Criminal Law Section of The Florida Bar, Tampa, Florida, and Warren W. Lindsey, Chair, Speedy Trial Subcommittee, Criminal Law Section of The Florida Bar, Winter Park, Florida; Christine Riley Davis, Chair, Appellate Court Rules Committee, St.

Petersburg, Florida; Kareem J. Foreman, Lauderdale Lakes, Florida; Paul L. Figueroa of Paul L. Figueroa Law, P.A., Lithia, Florida; Chad Sinckler, on behalf of Beyond the Bars, Miami, Florida; Jason Cromey, Co-Chair, Florida Association of Criminal Defense Lawyers, Pensacola, Florida, and Jude Michael Faccidomo of Ratzan & Faccidomo, LLC, on behalf of Florida Association of Criminal Defense Lawyers, Miami, Florida; Peter J. Brewer of Brewer & Wilson, PLLC, Sebring, Florida; Andrew J. Pouget of Fowler Law Group, P.A., Sarasota, Florida; Paul L. Figueroa, President, Hillsborough County Association of Criminal Defense Lawyers, Lithia, Florida; George Pavlidakey, Clearwater, Florida; Andrea Flynn Mogensen of The Law Office of Andrea Flynn Mogensen, P.A., Sarasota, Florida; Curtis S. Fallgatter, Jacksonville, Florida; Gene Mitchell, Pensacola, Florida, and John Beroset, Pensacola, Florida; Luke Newman of Luke Newman, P.A., Tallahassee, Florida; Paul S. Rothstein, Gainesville, Florida; Karla Y. Campos-Andersen of Law Office of Karla Y. Campos-Andersen, Esq., P.A., Fort Myers, Florida; Donald C. Barrett of Donald C. Barrett, P.A., Key West, Florida; Elizabeth J. Loeffler, Sarasota, Florida; Anthony G. Ryan, Sarasota, Florida; Bartholomew Stoddard of Stoddard Law Firm, PLLC, Sarasota, Florida; Andrew W. Cummer, Sarasota, Florida; Melissa Wilson, Tampa, Florida; AnneMarie Rizzo, Sarasota, Florida; Hon. Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, and Hon. Thomas D. Winokur, on behalf of the Criminal Court Steering Committee, Tallahassee, Florida; Jack Campbell, President, Florida Prosecuting Attorneys Association, Tallahassee, Florida, Amira Fox, Vice President, Florida Prosecuting Attorneys Association, Fort Myers, Florida, Brian Haas, Secretary, Florida Prosecuting Attorneys Association, Bartow, Florida, Bill Gladson, Treasurer, Florida Prosecuting Attorneys Association, Ocala, Florida, Ed Brodsky, Past President, Florida Prosecuting Attorneys Association, Sarasota, Florida, and Larry Basford, Speedy Trial Workgroup Member, Panama City, Florida; Heatha Trigones, Daytona Beach, Florida; Antoinette M. Peck of Peck Law Office, P.A., Fort Myers, Florida; Christa Diviney, Destin, Florida; Michael A. Catalano of Michael A. Catalano, P.A., Miami, Florida; Robert R. Berry, Tallahassee, Florida; John Hager, President, Broward County Association of Criminal Defense Lawyers, Fort Lauderdale, Florida, and Todd Onore, Vice-President, Broward County Association of

Criminal Defense Lawyers, Fort Lauderdale, Florida; James Uthmeier, Attorney General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, and Kevin Andrew Golembiewski, Senior Deputy Solicitor General, Tampa, Florida; Lauren Krasnoff, President, Florida Association of Criminal Defense Lawyers, Miami Chapter, Miami, Florida, Dianne E. Caramés, Past President, Florida Association of Criminal Defense Lawyers, Miami Chapter, Miami, Florida, and Daniel J. Tibbitt, Amicus Chair, Florida Association of Criminal Defense Lawyers, Miami Chapter, Miami, Florida; Brian Lee Tannebaum of Brian L. Tannebaum, P.A., Miami, Florida; and David L. Redfearn of Longwell Lawyers, Orlando, Florida,

Responding with comments

# APPENDIX

## RULE 3.191.   SPEEDY TRIAL

**(a) Speedy Trial without Demand.** Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime shall be brought to trial within 90 days ~~of arrest~~ if the crime charged is a misdemeanor, or within 175 days ~~of arrest~~ if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (~~p~~o). The time periods established by this subdivision shall commence when the person is <u>formally charged with a crime</u>~~taken into custody~~ as defined under subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This subdivision shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b).

**(b) Speedy Trial upon Demand.** Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court a separate pleading entitled "Demand for Speedy Trial," and serving a copy on the prosecuting authority.

　　　　(1) [No Change]

　　　　(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than ~~45~~<u>60</u> days from the date of the ~~calendar call~~<u>filing of the demand</u>.

　　　　(3) [No Change]

(4) If the defendant has not been brought to trial within ~~50~~60 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (~~p~~o).

**(c)** [No Change]

**(d)** ~~**Custody.** For purposes of this rule, a person is taken into custody:~~

~~(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged; or~~

~~(2) when the person is served with a notice to appear in lieu of physical arrest.~~**Formally Charged.** For purposes of this rule, <u>a person is formally charged with a crime by information, or by indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge.</u>

**(e) Prisoners outside Jurisdiction.** A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime ~~by indictment or information issued or filed under the laws of this state~~, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor. For these persons, the time period under subdivision (a) commences on the date the last act required under this subdivision occurs. For these persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur before the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing in this rule shall affect a prisoner's right to speedy trial under law.

**(f)– (*l*)** [No Change]

**(m) Effect of Mistrial; Appeal; Order of New Trial.** A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (~~p~~_o_).

**(n) Discharge with Prejudice from Crime; Effect.** Discharge with prejudice from a crime under this rule shall operate to bar prosecution of the crime charged and of all other crimes on which trial has not commenced nor conviction obtained nor adjudication withheld and that were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.

~~**(o) Nolle Prosequi; Effect.** The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.~~

**(~~p~~_o_) Remedy for Failure to Try Defendant within the Specified Time.**

(1) – (2) [No Change]

(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the

- 10 -

defendant be brought to trial within ~~10~~30 days. This recapture period is mandatory before any remedy will be given under this rule. A defendant not brought to trial within the ~~10~~30-day period through no fault of the defendant, on motion of the defendant ~~or the court~~, shall be ~~forever~~ discharged from the crime. This discharge shall be without prejudice unless there is a determination that the defendant's constitutional right to speedy trial has been violated. If there is a determination that the constitutional speedy trial right has been violated, discharge shall be with prejudice as set forth in subdivision (n).

**Committee Notes**

[No Change]

## RULE 3.134.   TIME FOR FILING FORMAL CHARGES

### (a) Defendants in Custody.

(1) The state ~~shall~~must file formal charges on defendants in custody by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, within 30 days from the date on which defendants are arrested or from the date of the service of capiases ~~up~~on them.

(2) If the defendants remain uncharged, the court on the 30th day and with notice to the state ~~shall~~must:

(A)~~(1)~~ Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or

(B)~~(2)~~ If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.

(3) In no event ~~shall~~may any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.

**(b) Defendants Not in Custody.**

(1)    The state must file formal charges on defendants on pretrial release by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, within 60 days from the date on which defendants are arrested or from the date of the service of capiases on them. If the defendants remain uncharged, the court on the 60th day and with notice to the state must:

(A)    Order that the defendants automatically be released on their own recognizance on the 63rd day unless the state files formal charges by that date; or

(B)    If good cause is shown by the state, the Court may continue the defendant on pretrial release for up to an additional 30 days unless the state files formal charges.

(2)    On the expiration of the time period prescribed in subsection (1), and on motion with notice to the state, the court shall order that the defendant be released from all requirements of bail and all conditions of pretrial release unless the defendant has been formally charged with a crime.